UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LATANYA PATRICE O'NEAL, | ) | CASE NO. 18-61067-SMS |
| | ) | |
| Debtor. | ) | JUDGE SAGE M. SIGLER |
| | ) | |

---

| | | |
|---|---|---|
| | ) | |
| NEWTON'S CREST HOMEOWNERS' | ) | |
| ASSOCIATION, INC., | ) | |
| | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| LATANYA PATRICE O'NEAL and | ) | |
| MARY IDA TOWNSON (as Trustee), | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
AND MOTION TO DISMISS CASE**

COMES NOW, Newton's Crest Homeowners' Association, Inc. ("Creditor"), a secured creditor, by and through counsel, Lueder, Larkin & Hunter, LLC, and files this *Objection to Confirmation of Chapter 13 Plan* and *Motion to Dismiss Case* for the following reasons:

**OBJECTION 1:  PLAN SECTION 3.1 LANGUAGE**

1.

Debtor owes a pre-petition debt to Creditor in the amount of $17,666.81 as evidenced by Creditor's Proof of Claim, with exhibits, filed with the Court on July 17, 2018 (Claim No. 3).

Such claim is secured by an HOA encumbrance against Debtor's real property which Debtor intends to retain.  As such, the claim is properly scheduled and treated under the Section 3.1 of the Plan.

2.

Creditor objects to the local form language within Section 3.1 of the Plan, specifically the following sentence:  "If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan."  (This sentence is hereinafter referred to as the "Third-Party Sentence.")

3.

The Third-Party Sentence is not necessary to facilitate the completion of a Chapter 13 Plan, and there is no reason for it to be present in the Plan.  One goal of the Third-Party Sentence (to stop the funding of a claim when the stay has been lifted) can be accomplished with wording included in orders adjudicating motions for relief from stay.

4.

The Third-Party Sentence allows for an unconstitutional deprivation of property from Creditor (and other class creditors) without due process of law, in violation of the Fifth Amendment to the United States Constitution.  U.S. Const. Amend V, Due Process Clause.  Objection to the Third-Party Sentence is appropriate prior to confirmation of a Plan, not after, thus requiring the filing of this instant objection.  *See*, *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).

5.

In this instant case, there are two creditors listed in Section 3.1 of the Plan: Creditor and Ocwen Loan ("Ocwen"). The claims of Creditor and Ocwen are both secured by the same collateral: real property located at 2913 Newton's Crest Circle, Snellville, Georgia, 30078 ("Property").

6.

Pursuant to the Third-Party Sentence, many scenarios could arise, resulting in the deprivation of property[1] from either Creditor or Ocwen without due process of law. Some post-confirmation examples that highlight the unconstitutional deprivation of property without due process of law that the Third-Party Sentence could create include:

A. Many months down the road (after making months of small payments to Creditor prior to "step provisions" taking effect[2]), Debtor decides Debtor no longer wants to own the Property. Unable to modify the Plan to surrender the Property (because 11 U.S.C. § 1329 does not allow it), Debtor stops making post-petition mortgage payments to Ocwen. Ocwen files a Motion for Relief from Stay ("MFR"), Creditor has no standing or legal basis to oppose such requested relief, Ocwen's MFR is properly granted, and the Trustee immediately stops funding both Ocwen's *and* Creditor's claims, even though Creditor has nothing to do with Ocwen itself or the relationship between Ocwen and Debtor. It would be a violation of the Bankruptcy Code's provisions to deny Ocwen's requested relief if Ocwen demonstrates cause to have the stay lifted, despite the fact that Creditor will be hurt[3] in the process.

---

[1] The claims to be paid at one hundred percent under Section 3.1 of the Plan constitute "property."

[2] In this instant case, Debtor proposes to pay Creditor $50 per month, later "stepping up" to $100 in March 2020.

[3] The hurt of another creditor is not a statutory factor for the Bankruptcy Court to consider when determining whether the moving creditor has demonstrated "cause" for the lifting of the stay as to the moving creditor.

B.  Same scenario as in "A" (above), except Ocwen decides not to foreclose because it either
no longer wants to or because it works out some kind of a deal with Debtor outside of
bankruptcy to avoid foreclosure.  Why should Creditor's claim no longer be funded?
Why should Creditor have to jump through expensive legal hoops to ask the Court to
(later) "order otherwise" only after launching an expensive investigation where it finds
out that some kind of deal has, indeed, been reached between Ocwen and Debtor?

C.  Debtor fails to pay HOA dues owed to Creditor.  Creditor files an MFR (which Ocwen
has no legal basis to argue against), and the MFR is granted.  Ocwen's entire claim will
stop being paid.  This is the same scenario as in "A" and "B" (above), but with the roles
of Creditor and Ocwen reversed.

D.  Debtor fails to somehow maintain the Property, in violation of HOA covenants.  Creditor
files an MFR in order to be allowed to obtain a state court injunction to require Debtor to
comply with the HOA covenants.  This "relief from stay" has nothing at all to do with
the *claims* of either Creditor or Ocwen, but "unless the Bankruptcy Court orders
otherwise," then the granting of this MFR will stop *all* claims by *all* creditors whose
claims are secured by the Property in Section 3.1 of the Plan from being funded.  It is a
violation of all Class 3.1 non-moving creditors' due process rights to have their claims
suddenly become worthless because a moving creditor's attorney forgets to add "orders
otherwise" language to MFR orders that are prepared for a judge to sign.

7.

Allowing a third-party creditor to obtain relief from stay and then having the granting of
that relief cause *other* class creditors to completely lose their claims constitutes a deprivation of

---

Additionally, a moving creditor does not have to demonstrate non-statutorily-required things (such as non-harm to
another creditor) to obtain the relief explicitly available under the Bankruptcy Code.

property without due process of law, and it is not constitutional.  (Other class creditors are not even parties to a third-party's MFR, and, even if they were parties, they would have no legal basis to oppose to any relief requested.)

8.

Creditor and Creditor's attorneys (as well as similarly-situated class creditors) should not be forced to file legally-meritless[4] responses and objections to the relief sought in a third-party class creditor's MFR, attend *all* of the MFR hearings (which can be reset an untold number of times, solely at the prerogative of the movant), and drive up the cost of case participation, all in order to try to persuade the Court to "order otherwise" in every MFR order.  Requiring any creditor to do this for up to five years in order to protect its claim is overly burdensome, and does not comport with required due process.

9.

In addition to the unconstitutionality of the Third-Party Sentence, it is also not statutorily permissible because its presence (1) does not propose for the full payment of secured claims as of the effective date of the Plan and (2) does not provide for equal monthly payments of secured claims, in violation of 11 U.S.C. §§ 1325(a)(5)(B)(ii) and (iii)(I).  Specifically, the Third-Party sentence proposes, from the effective date of the Plan, an "escape hatch" (i.e., the lifting of the stay by one creditor) to stop the funding of secured claims.  Proposing such a scheme from the effective date of the Plan does not provide payment of the full value of secured claims; it provides some lower value than full value because of the uncertainty that such claim will be fully paid within five years.  Additionally, Third-Party Sentence specifically contemplates *not* making equal monthly payment amounts toward the claims listed in Section 3.1 of the Plan:  it contemplates and demands that, if the stay is lifted as to any class member, then payments to

---

[4] F.R.B.P. 9011 forbids this.

those non-moving creditors stop being made at all. Proposing to begin making payments of $0.00 upon the occurrence of some event (other than full repayment) is not proposing a Plan that provides for equal monthly payment amounts on secured claims.

10.

To resolve this entire Objection and comply with all creditors' due process rights and with the requirements of the Bankruptcy Code, Creditor requests that Debtor amend the Plan to (1) check the "Included" box under Section 1.3 of the Plan and (2) add the following sentence to Section 8 of the Plan: "Notwithstanding any other language in Section 3.1 of this plan, the granting of any relief from the automatic stay with respect to a moving creditor shall not affect the claims of, or the payments to, any non-moving creditor treated in Section 3.1 of this plan."[5]

11.

In the alternative to the request made in Paragraph 10 (above), Creditor requests that the Court enter a standing order applicable to all Chapter 13 cases filed in this Court that "orders otherwise" in *all* Chapter 13 cases before this Court in order to protect the constitutional rights and claims of non-stay-relief-moving creditors listed in Section 3.1 of this District's current form Chapter 13 Plan.

**OBJECTION 2: UNEQUAL CLAIM PAYMENTS**

12.

Creditor does not accept the Plan. (11 U.S.C. § 1325(a)(5)(A).) The Plan does not provide for equal monthly payments of Creditor's claim over the life of the Plan. (11 U.S.C. § 1325(a)(5)(B)(iii)(I).) Debtor proposes to pay Creditor's claim in differing amounts throughout

---

[5] This Court has previously advised that this specific language may be added to Section 8.1 of the Plan, and this Court does not require a hearing or additional pre-clearance prior to adding it, if agreed to by the parties.

the life of the Plan.  Specifically, the Plan provides for a low initial monthly payment for a period of time with a step provision later in the course of the Plan to a higher monthly amount.[6]  Such a payment scheme shifts all of the risk of a Plan collapse onto Creditor and other creditors while certain entities are paid more quickly during the initial months of the Plan.  No other entity has "priority" to be paid first in violation of 11 U.S.C. 1325(a)(5)'s requirements in a Chapter 13 case when a Creditor demands equal Plan payments.  Creditor is entitled to request equal monthly payments over the life of the Plan, from the beginning of the Plan and until Creditor's claim is paid in full.  Creditor does not accept the Plan until it is amended to provide for such equal monthly payments from the beginning of the Plan without step provisions.[7]

13.

The "step" provisions in the Plan are an attempt to subvert the payment order as outlined in Section 2.6(b) of this District's Chapter 13 Plan.

**OBJECTION 3:  INACCURATE SCHEDULES**

14.

The Annual HOA Assessment for Newton's Crest is $210.00.  Debtor schedules $210.00 per month on Debtor's Schedule J for HOA expenses which is not accurate.

(Text continued on next page)

---

[6] Such a payment scheme is permitted if it is not objected to by an affected creditor.
[7] Creditor's current claim is $17,666.81.  Accordingly, the Plan should provide equal monthly Plan payments of $295.00 toward Creditor's claim, without step provisions, in order to pay Creditor's claim in full over the proposed length of the Plan.

**OBJECTION 4:  PLAN IS NOT FEASIBLE**

15.

The amount of Creditor's claim in Section 3.1 of the Plan is vastly understated.  It does not appear that Debtor will be able to complete the Chapter 13 Plan and pay all secured creditors in 60 months.

WHEREFORE, Creditor moves that this Honorable Court:

(a) inquire into the above objections; and

(b) deny confirmation of Debtor's Plan; and

(c) dismiss this case; and

(d) grant any such further relief as the Court may deem just and proper.

Respectfully submitted, this 17th day of July, 2018.

LUEDER, LARKIN & HUNTER, LLC

By:      ___/s/  Daniel E. Melchi_____
Daniel E. Melchi
Georgia Bar No. 501187
Attorney for the Creditor

5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
T:  (770) 685-7000
F:  (770) 685-7002
E:  dmelchi@luederlaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LATANYA PATRICE O'NEAL, | ) | CASE NO. 18-61067-SMS |
| | ) | |
| Debtor. | ) | JUDGE SAGE M. SIGLER |
| | ) | |

---------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| NEWTON'S CREST HOMEOWNERS' | ) | |
| ASSOCIATION, INC., | ) | |
| | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| LATANYA PATRICE O'NEAL and | ) | |
| MARY IDA TOWNSON (as Trustee), | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have, on this day, served a copy of the within and foregoing document upon the interested parties in this matter by depositing a copy of the same in the United States mail, with adequate postage thereon, and addressed as follows:

Latanya Patrice O'Neal
2913 Newtons Crest Circle
Snellville, GA  30078

Howard P. Slomka, Esq.
c/o Slipakoff & Slomoka, PC
2859 Paces Ferry Road, S.E., Suite 1700
Atlanta, GA  30339

Mary Ida Townson, Chapter 13 Trustee
191 Peachtree Street, N.E., Suite 2200
Atlanta, GA  30303-1740

Respectfully submitted, this 17th day of July, 2018.

LUEDER, LARKIN & HUNTER, LLC

By:     /s/  Daniel E. Melchi
Daniel E. Melchi
Georgia Bar No. 501187
Attorney for the Creditor

5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
T:  (770) 685-7000
F:  (770) 685-7002
E:  dmelchi@luederlaw.com